The Chancellor.
Where a suit has been discontinued by a plaintiff voluntarily, or has been ended through the negligence or default, in any way, of the plaintiff, and a new suit is brought for the same cause of action, or where a second suit is brought to try the same question over again, as in the case of Melchart v. Halsey, 2 Bl. Rep. 744; 3 Wils. 150; and as in ejectment suits to try the same title, a court of law will order the second suit to be stayed until the costs of the first suit are paid. The principle upon which the court acts in such cases and its propriety 'are manifest. A court of equity adopts and acts upon the same principle.
*47 But the reason for the rule does not exist in this case. Tire first suit was not discontinued through the default or negligence of the complainant. Nor is this suit brought to try over again the merits of the same case which has been decided. The former suit was abated through the act of God, and not by any act over which the trustee or cestui que trust had any control.
The fact, that the former suit was in the name of Boland has no weight. The cestui que trust is the real party. If Boland had been dismissed in the suit brought by him, and a decree for costs against him, the court would have compelled the new trustee to pay those costs before proceeding in a new suit in his own name; because although the nominal parties upon the record were different, yet the real party, for whose benefit the suits were instituted, was the same in both suits. A court will not stay the proceedings in a second suit until the costs of the first suit have been paid, unless in the first suit the party was legally liable for the costs. Where a suit abates by the death of a party, no costs will be awarded. Travis v. Waters, 1 J. C. R. 89, and cases there cited. In the case of Pells and others v. Coon and wife, 1 Hopk. Ch. R. 450, the suit abated by the death of one of the complainants. It was at the election of the surviving complainants whether they would revive the suit. By the provisions of the statute applicable to the case, the surviving, parties might have proceeded with the suit on motion and without bill, notwithstanding its abatement. The court refused to make an order dismissing the bill with costs; but said, a decree might be made declaring the suit abated, and that the surviving complainants, not having proceeded to revive the suit or to prosecute further, according to the statute and the order of the court, be precluded from any further prosecution of the suit. In this case, the first suit having abated by the death of Boland, the defendants were not entitled to costs, and no costs could be awarded in their favor. Bor this court now to say, that this pre *48 sent suit should not proceed until the defendants were paid their costs in the former suit, would in effect be to award costs to the defendants, in a ease where they were not entitled to them.
The counsel seek to take this case out of the general rule, relying upon what was said by Platt, J. in Travis v. Waters, 12 Johns. R. 506. After citing the cases, the judge says: “ it appears to be an established rule in equity, that where there has been no decree for costs, and the suit abates by the death of the party, the right to. costs up to that time is extinguished, unless the costs are payable out of a particular fund, or are connected with a duty towards the party claiming costs.”
But this case cannot be brought within this exception. The particular fund must be one in court, or one over which the court has control. As in Hall v. Smith, 1 B. C. R. 438, there was a fund in the bank, which had been paid there under the order of the court before the death of the party, until the question of costs should be decided, that being the only matter undetermined in the cause. To the bill of revivor there was a plea put in setting up that such a bill could not lie where the matter of costs was the only question. But the Chancellor thought the circumstance of the costs having been ordered to be paid into the bank took the case out of the general rule, and made it certainly matter of revivor, and therefore overruled the plea.
In this case there is no fund in court. The trust.fund is alleged to be in the hands of the defendants, and this suit has been instituted to recover it. If the costs, then, are to come out of the trust fund, the defendants themselves must admit they have the fund, and must pay the costs. I do not mean to intimate, however, that even if the fund was in court, I would take these costs out of it. The motion must be denied.